951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FARM AND RANCH LIFE INSURANCE CO., INC., In Liquidation, by
and through Hugh Alexander, Deputy Receiver,
Plaintiff-Appellant,
v.
WHEELS LIFE INSURANCE CO., LTD., a Cayman Islands
corporation, Defendant-Appellee.
FARM AND RANCH LIFE INSURANCE CO., INC., In Liquidation, by
and through Hugh Alexander, Deputy Receiver,
Plaintiff-Appellant,
v.
WHEELS LIFE INSURANCE CO., LTD., a Cayman Islands
corporation, Defendant-Appellee.
 Nos. 90-35638, 90-35905.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 10, 1991.
Decided Dec. 24, 1991.
 
 Before GOODWIN, SCHROEDER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Farm and Ranch Life Insurance Co., Inc. (F & R), a Kansas corporation, sued Wheels Life Insurance Company, Ltd. (Wheels), a reinsurance company formed by Oregon automobile dealers to reinsure the term life insurance policies written by member dealers. F & R claimed to be the Assignee of Empire Life Insurance Company (Empire), the original participant in the 1983 reinsurance agreement with Wheels. The trial court granted summary judgment for the defendant, finding that the written agreements between the various companies left no material question of fact to be tried.
 
 
 3
 The principal assignment of error on appeal challenges the trial court's decision to grant summary judgment "sua sponte" on grounds not advanced by Wheels. F & R also contends that the decision was wrong on the merits, and that the court erred in granting attorney fees to Wheels.
 
 
 4
 This dispute involves a number of different legal agreements, all of which were properly before the district court. The court had before it the relevant agreements between Wheels and Empire, and a July 1986 agreement among Empire, Eagle Life, and F & R. Eagle Life had administered Empire's credit life insurance policies since the beginning of 1984. In the 1986 agreement, Empire assigned its credit business, including the reinsurance agreement with Wheels, to F & R. Wheels was not a party to the 1986 agreement, and apparently did not consent to do business with F & R following its acquisition by Eagle.
 
 
 5
 Finally, the trial court had before it two settlement agreements resolving previous litigation between the parties. Wheels commenced an antitrust and breach of contract action against Empire, Eagle and F & R, raising contractual issues almost identical to the ones disputed in the present case. The litigation was settled by the parties in March of 1988. The settlement resulted in the dismissal of the antitrust action and the submission to arbitration of the "claims that Wheels has against Empire, F & R, or Eagle." F & R was party to the settlement agreement and is bound by its terms.[1] Nonetheless, F & R refused to participate in the subsequent arbitration. Empire and Wheels proceeded to arbitrate the remaining disputes and reached a settlement agreement in December 1988 resolving the remaining claims between them.
 
 
 6
 We reject F & R's argument that the district court granted summary judgement "sua sponte" and without opportunity for the plaintiff to be heard. The dispute involves a finite number of legal documents, all of which were properly before the court. The basis for the defendant's motion for summary judgement makes reference to the various settlement agreements. Moreover, the defendant's motion to compel arbitration, which was also before the court, concerned the impact of the settlement agreements. F & R was on notice that the merits of the case were being considered and had ample opportunity to present its interpretation of the disputed documents. Summary judgement is appropriate if an action involves the interpretation of an agreement, the terms of which are unambiguous. See Waterbury v. T.G. & Y Stores, Co., 820 F.2d 1479, 1481 (9th Cir.1987). The trial court did not err in proceeding with summary judgement in this case.
 
 
 7
 F & R also challenges the decision on its merits. We review the grant of a motion for summary judgement de novo. Kurso v. ITT, Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). The district court read the March 1988 settlement agreement too broadly when the court declared the assignment between Empire and F & R invalid. The March 1988 settlement agreement declared that the exclusivity clause in the original reinsurance agreement between Wheels and Empire "never was and is not now binding on Wheels."
 
 
 8
 The district court reasoned that the quoted "language resolved the issue of assignability," and held that the case must be dismissed because the assignment between Empire and F & R was invalid. This conclusion must be reexamined. The voidness of the exclusivity clause goes directly to the issue whether Wheels had breached the Reinsurance agreement (a central element in F & R's complaint) but the exclusivity clause is not germane to the issue of assignability. The district court erred in basing the summary judgement order on this premise.
 
 
 9
 Given our decision as to the impropriety of the grant of summary judgement on the ground that the district court chose, it is unnecessary to reach the issue of attorney fees. We express no opinion on the remaining questions under the various contracts that were before the court.
 
 REVERSED AND REMANDED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 By this time, F & R was in receivership. The agreement was entered into by its receiver, the Commissioner of Insurance for the State of Kansas